**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **DEXAS INTERNATIONAL, LTD.,** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | **CIVIL ACTION NO.** |
| | § | **JURY TRIAL DEMANDED** |
| **TUNG YUNG INTERNATIONAL (USA), INC.; TUNG YUNG INTERNATIONAL, LTD. and TUNG YUNG STATIONERY MANUFACTORY LTD.** | § § § § § § § | |
| **Defendants** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Dexas International, Ltd., files this Original Complaint against Tung Yung International (USA), Inc., Tung Yung International, Ltd., and Tung Yung Stationery Manufactory, Ltd. (collectively "Defendants").

## PARTIES

1. Plaintiff Dexas International, Ltd. ("Dexas") is a limited partnership organized under the laws of the State of Texas with it principal place of business at 585 S. Royal Lane, Suite 200, Coppell, Texas 75019.

2. Defendant Tung Yung International (USA), Inc. ("TYI") is a corporation organized under the laws of Arkansas. Upon information and belief Defendant is doing business in this judicial district. Defendant can be served by and through the Secretary of State upon its registered agent, Siu-Leung Chan, 905 SE 21st, Suite 3, Bentonville, Arkansas 72712.

3. Upon belief and information, Defendant Tung Yung International, LP ("TYL") is a limited partnership with its principal place of business at Room 509-511 Kwong Sang Hong Centre, 151-153 Hoi Bun Road, Kwun Tong, Kowloon, Hong Kong.

4. Upon belief and information, Defendant Tung Yung Stationery Manufactory, Ltd. ("TYS") is a limited partnership with its principal place of business at Room 509-511 Kwong Sang Hong Centre, 151-153 Hoi Bun Road, Kwun Tong, Kowloon, Hong Kong.

## JURISDICTION AND VENUE

5. This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* Accordingly, original jurisdiction over this cause of action is conferred upon this Court pursuant to 15 U.S.C. § 1121, 1125 and 28 U.S.C. §§ 1331 and 1338 (a) and (b).

6. The Defendants do business in Texas and thus, jurisdiction is proper over Defendants in this judicial district. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

7. This Court has personal jurisdiction over TYI in that TYI has sufficient contacts with the state of Texas and the Judicial District to subject it to specific and general personal jurisdiction. The contacts with the state of Texas and this Judicial District and Division include sales of various stationery and office products, including sales to Wal-Mart Stores, Inc. ("Wal-Mart"), with the knowledge and intent that they be distributed and sold within the United States, including this Judicial District.

8. Upon belief and information, this Court has personal jurisdiction over TYL in that TYL is believed to be a parent company of TYI. Therefore, through its subsidiary TYI, TYL has sufficient contacts with the state of Texas and this Judicial

District to subject it to specific and general personal jurisdiction. The contacts with the state of Texas and this Judicial District and Division include sales of various stationery and office products, including sales to Wal-Mart, with the knowledge and intent that they be distributed and sold within the United States, including this Judicial District.

9. Upon belief and information, this Court has personal jurisdiction over TYS in that TYS is believed to be an alternative name for TYL. Therefore, though its subsidiary TYI, TYS has sufficient contacts with the state of Texas and this Judicial District to subject it to specific and general personal jurisdiction. The contacts with the state of Texas and this Judicial District and Division include sales of various stationery and office products, including sales to Wal-Mart, with the knowledge and intent that they be distributed and sold within the United States, including this Judicial District.

## FACTS

10. Dexas was founded in 1969 and over the decades has become a recognized leader in poly, acrylic and other boards, including but not limited to office products. In 1995, Dexas created CLIPCASE, an innovative document storage container or board for use on the job or at school. CLIPCASE incorporates a steel clip to hold documents in place in a break-resistant, durable, weatherproof and light-weight container. The mark CLIPCASE was first used in commerce on or before June 30, 1995.

11. The mark CLIPCASE was registered in the United States Trademark Office on April 4, 2002. Accordingly, Dexas is the sole and exclusive owner of the federally registered mark CLIPCASE, U.S. Trademark Registration No. 2556203, in connection with "active document containers with integral board clips" ("the "Mark").

12. The Mark is well known, famous, inherently distinctive and/or has acquired distinctiveness long prior to Defendants' use of the mark Clipcase. The goodwill associated with the Mark is a valuable asset to Dexas. Dexas has expended great effort and considerable resources in the promoting and advertising its product under the Mark. As a result of this widespread and continuous use and promotion, the Mark has become widely associated with Dexas; the Mark identifies Dexas as the source of the goods offered and represents the valuable goodwill of Dexas among members of the relevant consuming public.

13. Dexas distributes CLIPCASE through various retailers, including Wal-Mart.

14. On or around February 1, 2011, Dexas became aware of Defendants' use of the mark "Clipcase" on a product similar to Dexas' CLIPCASE (the "Infringing Product"). True and correct copies of photographs of the Infringing Products are attached hereto as EXHIBIT A. The Infringing Product was displayed and offered for sale at a Wal-Mart in this District.

15. Defendants' use of the Mark on its Infringing Product is likely to confuse consumers into believing that its Infringing Product is made by, sponsored by, connected with, endorsed by or otherwise affiliated with Dexas. Further, Defendants' use of the Mark dilutes the strength of Dexas' well-established and federally registered Mark. This use will substantially harm Dexas' reputation for quality products. Defendants' willful and deceitful acts will cause irreparable harm to Dexas and its Mark.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

16. Dexas realleges and incorporates by reference paragraphs 1 through 15, inclusive, of this Complaint as fully set forth herein. Defendants' conduct described above constitutes trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

17. The acts of Defendant, as set forth above, constitute use in interstate commerce of reproductions, counterfeits, copies, and/or colorable imitations of the Mark through its use of the Mark on a similar product being sold through similar channels of trade. Further, Defendants' use of an identical Mark in connection with confusing similar goods, within this judicial district and elsewhere, is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, and association of Dexas with Defendant.

18. Further, the activities of Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that the infringing uses of the Mark described in this Complaint that are authorized by Dexas to the damage and harm of Dexas. Defendants' activities constitute deliberate infringement of the Mark in violation of the Lanham Trademark Act, including, but not limited to, 15 U.S.C. § 1114(1), entitling Dexas to damages.

19. As a result of Defendants' activities, Defendant has caused and will cause irreparable harm to Dexas for which Dexas has no adequate remedy at law for relief from Defendants'' wrongful conduct. Accordingly, Dexas is entitled to damages and injunctive relief.

## COUNT TWO
## UNFAIR COMPETITION

20. Dexas realleges and incorporates by reference paragraphs 1 through 19, inclusive, of this Complaint as fully set forth herein. Defendants' conduct described above constitutes federal unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1).

21. On information and belief, Defendants' actions have been with full knowledge of Dexas' rights and with the intent to trade on Dexas' goodwill in the Mark, thus making this an exceptional case under 15 U.S.C. §1117(a).

22. Further, the activities of Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that the infringing uses of the Mark described in this Complaint to the damage and harm of Dexas. Defendants' activities constitute deliberate infringement of the Mark in violation of the Lanham Trademark Act, including, but not limited to, 15 U.S.C. § 1114(1), entitling Dexas to damages.

23. As a result of Defendants' activities, Defendant has caused and will cause irreparable harm to Dexas for which Dexas has no adequate remedy at law for relief from Defendants' wrongful conduct. Accordingly, Dexas is entitled to damages and injunctive relief.

## COUNT THREE
## FEDERAL TRADEMARK DILUTION

24. Dexas realleges and incorporates by reference paragraphs 1 through 23, inclusive, of this Complaint as fully set forth herein. Defendants' conduct described above constitutes trademark dilution under the Lanham Act, 15 U.S.C. §1125(c).

25. Defendant has profited through the dilution of Dexas' distinctive and famous Mark. As a result, the activities of Defendant have caused and will cause irreparable harm to Dexas for which Dexas has no adequate remedy at law for relief from Defendants' wrongful conduct. Accordingly, Dexas is entitled to damages and injunctive relief.

### COUNT FOUR
### COMMON LAW UNFAIR COMPETITION

26. Dexas realleges and incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as fully set forth herein. Defendants' actions described above constitute unfair competition under Texas common law.

27. As a result of Defendants' wrongful conduct, Dexas is entitled to injunctive relief and damages to be proven at trial.

### REMEDIES

28. Dexas realleges and incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as fully set forth herein.

29. Dexas is entitled to monetary relief, including, (1) the Defendants' profits, (2) any damages sustained by Dexas, and (3) the cost of this action. *See* 15 U.S.C. § 1117.

30. Dexas also is entitled to an order from the Court requiring that the infringing articles used in connection with Defendants' services be destroyed. *See* 15 U.S.C. § 1118.

31. Dexas also is entitled to injunctive relief under federal law. *See* 15 U.S.C. § 1116.

## ATTORNEYS' FEES

32. Dexas is entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## JURY DEMAND

33. Dexas requests a trial by jury of all claims.

## PRAYER FOR RELIEF

WHEREFORE, Dexas prays that it have judgment against Defendants for the following:

(1) A decree that the Mark is infringed by the Defendants through its use of the name CLIPCASE on similar products sold through similar channels of trade;

(2) A decree that Defendants' use of the Mark is likely to cause confusion and mistake as to Defendants' affiliation, connection, and association with Dexas and as to the origin, sponsorship, and approval of the Defendants' Infringing Product by Dexas and constitutes unfair competition under federal and common law;

(3) A decree that the Mark has been, or will be, diluted by the Defendants' actions;

(4) A preliminary injunction enjoining and restraining Defendant and its agents, servants, employees, affiliates, divisions, subsidiaries, agents, servants, and employees, and those in association with them, from using the Mark and name "Clipcase" or any other mark confusingly similar to the Mark in conjunction with document containers/notebooks or other similar products;

(5) A permanent injunction enjoining and restraining Defendant and its agents, servants, employees, affiliates, divisions, subsidiaries, agents, servants, and employees, and those in association with them, from using the Mark and name

"Clipcase" or any other mark confusingly similar to the Mark in conjunction with document containers/notebooks or other similar products;

  (6) An award of damages as requested in each Count above;

  (7) An order requiring that all Infringing Products be destroyed;

  (8) An award of exemplary damages;

  (9) An award of all costs of this action, including attorneys' fees and interest;

and

  (10) Such other and further relief, at law or in equity, to which Dexas may be justly entitled.

          Respectfully submitted,

          /s/ Elizann Carroll
         Molly Buck Richard
         molly@richardlawgroup.com
         Texas Bar No. 16842800
         Elizann Carroll
         Elizann@richardlawgroup.com
         Texas Bar No. 00787209
         RICHARD LAW GROUP, INC.
         8411 Preston Road, Suite 890
         Dallas, TX  75225
         (214) 206-4300 (phone)
         (214) 206-4330 (fax)

         *Counsel for Plaintiff,*
         *Dexas International, Ltd.*